LINDSEY & BROWN v. FIRST NATIONAL BANK.

*Action for Damages—Ancient Light, Obstruction of—Evidence.*

1. The easement of light and air cannot be acquired, even by presciption, under the laws of this State, and hence, no action lies (as in England) for the obstruction of one's windows by a wall erected on the land of an adjacent owner.

2. Where plaintiffs rented the second story of a building for a business that required unobstructed light, and subsequently the owner of the adjacent lot erected a building and obstructed the windows of the plaintiffs, they cannot recover damages therefor, although their lessor owned the adjoining strip of land upon which the wall was erected.

3. Where, on a trial, the evidence for the plaintiff, in the most favorable view of the same, fails to develop a cause of action, the admission of incompetent testimony by the defendant is immaterial.

CIVIL ACTION, tried before *Armfield, J.,* and a jury, at December Term, 1893, of Buncombe Superior Court.

The facts appear in the opinion of Associate Justice AVERY. The plaintiffs appealed.

*Mr. Charles A. Moore,* for plaintiffs (appellants).
*Mr. M. E. Carter,* for defendant.

AVERY, J.: The plaintiffs who were the lessees for a term of years of the second story of a certain brick building in the city of Asheville, contended that the boundary of the lot on which said building was situated ran parallel with its southern wall and eighteen inches from it, while the defendants, claiming that the line ran with that wall, had erected another structure upon the disputed ground so as to shut off the light from the apartments occupied by plaintiffs and render them unfit for further use in taking photographs. The Court instructed the jury that, in no view of the evidence,

were the plaintiffs entitled to recover. The easement of light and air cannot be acquired, according to the general current and weight of authority, in this country, even by prescription (6 Am. and Eng. Enc. 152), and of course no right to object to the obstruction of one's windows by a wall erected on the land of an adjacent owner can be said to exist independently of the English doctrine. Whether the plaintiffs leased the second-story room for the purpose of taking photographs therein, or with some other object in view, they contracted in terms only for the use of the apartments occupied by them, and not for unobstructed light passing through a certain window or windows in addition. They might maintain an action for any trespass upon the premises rented by them. But conceding that their lessors were the owners of the eighteen inches of land just outside the wall, which was in dispute, it was not contended that they had entered into any stipulations, so far as we can ascertain from the testimony, that the lease of the plaintiffs should extend beyond the wall. Consequently, the lessors could have purchased the land of the coterminous proprietor and have erected a structure, one wall of which would have shut out the light from the windows of the demised premises, without subjecting themselves to liability on an action of trespass brought by their tenants. They could have conveyed to another this narrow strip of land and have vested their grantee with the same power, their lessee having acquired, in the absence of special stipulations, no right, title or interest in it. Whether the lessors allowed the adjacent owner to build a wall upon it under a verbal license, or left him unmolested when he built without either license or title, the lessees had no remedy against the latter in any event, and could maintain an action against the former only by showing a breach of some special contract in reference to the lights. So that it was not material, in so far as it concerned or affected their rights, whether the defendants were building under a parol license or held

the disputed land under a sufficient deed from their lessors. Had the lessors been adversary parties in the litigation involving the title, it would nevertheless have been left at their option to determine whether they would avail themselves (in one of the modes pointed out by the law) of the benefit of the statute of frauds. No right, title or interest in the *locus in quo* having passed by the demise to the plaintiffs, they were in no sense in privity with their lessors as to it.

We concur with the Judge below in the opinion that in no aspect of the testimony did the plaintiffs show any *prima facie* right to recover in the action. It was therefore immaterial, when the plaintiff failed to show a cause of action in the most favorable view of the evidence, whether the defendant was allowed to bring out incompetent testimony. We do not deem it necessary, therefore, to notice *seriatim* the objections and exceptions as to the testimony admitted or refused, unless the testimony offered would have established the plaintiffs' *prima facie* right to recover, or that admitted would have destroyed such *prima facie* right. The judgment must be                                        Affirmed.